**SULAIMAN LAW GROUP, LTD.**
Alejandro E. Figueroa (State Bar No. 332132)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Facsimile: (630) 575-8188
Email: alejandrof@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DE LEON, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.** |
| MIDLAND CREDIT MANAGEMENT, INC., and MIDLAND FUNDING, LLC, | **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

NOW comes MICHAEL A. DE LEON ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC., ("MCM") and MIDLAND FUNDING, LLC ("Midland") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.,* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**PARTIES**

5. Plaintiff is a consumer and a natural person over-the-age of 18 residing in Visalia, California, which is located in the Eastern District of California.

6. MCM is third party collection company that claims to "specialize in servicing accounts that have fallen behind and have been charged off by the lender."[1] MCM is a corporation organized under the laws of the state of Kansas and maintains its principal place of business at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

7. Midland is a debt purchaser whose principal purpose is to purchase consumer accounts and subsequently collect upon those accounts, both directly as well as through MCM. Midland is a limited liability company organized under the laws of the state of Delaware with its principal place of business located at 350 Camino De La Reina, Suite 300, San Diego, California.

---

[1] https://www.midlandcredit.com/who-is-mcm/

2

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9. The instant action stems from Defendants' attempts to collect upon a consumer debt ("subject debt") that Plaintiff allegedly owed to Capital One Bank N.A. ("Capital One"), stemming from purchases made by Plaintiff on a personal credit card.

10. Upon information and belief, after Plaintiff's purported default with Capital One, Capital One subsequently charged off the subject debt and sold the subject debt to Midland for collection purposes.

11. On or around October 2020, Plaintiff discovered that Midland was reporting the subject debt on Plaintiff's credit report with a past due balance of $3,343.

12. Subsequently, Plaintiff called the telephone number listed on his credit report for further information regarding the subject debt.

13. Plaintiff's phone call went to MCM.

14. Upon speaking with Plaintiff, MCM informed Plaintiff that it was a debt collector attempting to collect upon the subject debt and that its conversation was an attempt to collect a debt and that any information MCM obtained would be used for that purpose.

15. MCM further conveyed information to Plaintiff regarding the subject debt – specifically, that the subject debt was in active litigation and that, as a result, MCM could not speak with Plaintiff at that time, nevertheless directing Plaintiff to contact the courthouse overseeing the underlying litigation.

16. MCM informed Plaintiff that the case number for the underlying litigation was 187525 and told Plaintiff to provide that specific number to the courthouse to get further information.

17. Armed with the information provided by MCM, Plaintiff contacted the courthouse and provided the case number given by MCM.

18. The courthouse informed Plaintiff that there was no litigation associated with him in connection with the case number 187525.

19. Instead, Plaintiff was informed that the case number provided to him by MCM belonged to a case involving Stephanie Jackson.

20. As such, Plaintiff took no further action.

21. However, Plaintiff was subsequently subjected to a wage garnishment proceeding by Midland in connection with the subject debt.

22. Upon reviewing the garnishment paperwork, it became evident that MCM had falsely represented the case number associated with the subject debt during its conversation with Plaintiff, as the actual case number was 187625, not 187525 as represented by MCM.

23. Upon information and belief, Midland negligently recorded the case number associated with the subject debt and provided the same to MCM, who in turn misrepresented the case number to Plaintiff.

24. Defendants' conduct in falsely, deceptively, and misleadingly representing the case number associated with the subject debt unfairly deprived Plaintiff of the ability to meaningfully respond to Defendants' collection efforts and the underlying litigation.

25. Such deprivation caused Plaintiff direct financial and pecuniary harm, as he was subjected to a wage garnishment proceeding that, but-for Defendants' false, deceptive, and misleading representations, would not have come about.

26. Plaintiff further experienced emotional distress being subjected to a wage garnishment in connection with a debt that he actively sought to take care of but was hindered in his efforts to do so as a result of Defendants' misrepresentations.

## **COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. MCM is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts owed to others, and further as it is a business whose principal purpose is the collection of debts.

30. Midland is a "debt collector" as defined by § 1692a(6) of the FDCPA as it is a business whose principal purpose is the collection of debts.

31. Midland is both directly liable for its conduct as a debt collector subject to the FDCPA, as well as vicariously liable for the actions of its agent MCM.

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendants violated §1692e and e(10) through the false representation made to Plaintiff regarding the case number associated with the subject debt. Defendants blatantly and directly misrepresented the case number associated with the subject debt, and such misrepresentation resulted in Plaintiff being subjected to a wage garnishment that would not have come about but-for Defendants' misrepresentation. Defendants misrepresentations were material to Plaintiff, as

5

they altered his course of conduct in response to Defendants' collection efforts, and such alteration caused Plaintiff pecuniary harm.

### b. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendants violated §1692f when they unfairly and unconscionably attempted to collect on a debt by failing to provide the correct case information to Plaintiff. Seasoned debt collectors, like Midland and MCM, know the importance of accurately tracking and providing consumers information about debts which have been subject to active litigation. However, Defendants treated Plaintiff unfairly through their concerted efforts to deprive Plaintiff of vital information which would have allowed Plaintiff to prevent the unfair garnishment of wages that came about as a result of Defendants' conduct.

38. As pled above, Plaintiff has been harmed and suffered tangible, concrete damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MICHAEL A. DE LEON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendants are "debt collector[s]" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.10 – 1788.17**

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44. As outlined above, through their unlawful conduct in attempting to collect upon the subject debt, Defendants violated 1788.17; and §§1692 e, and f. Defendant employed a series of deceptive and unconscionable means while attempting to collect the subject debt as outlined above.

45. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, MICHAEL A. DE LEON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: December 17, 2020                Respectfully submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com